IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACK ALBERT SVOKE,

        Plaintiff,

 v.

SERGEANT W. OPPERMAN,

        Defendant.

OPINION and ORDER

20-cv-1000-jdp

---

  Pro se plaintiff Jack Albert Svoke is an inmate at Jackson Correctional Institution. He alleges that defendant W. Opperman, a sergeant at Dodge Correctional Institution (DCI), tampered with his legal mail, causing a delay in his medical treatment. Svoke seeks leave to proceed in forma pauperis with his case, and he has made an initial partial payment of the filing fee as previously directed by the court.

  The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

  I will deny Svoke leave to proceed on an access-to-the-courts claim based on Opperman's tampering with his mail. Svoke may be able to state an Eighth Amendment claim on grounds that Opperman interfered with his legal mail in a way that prevented him from

receiving proper medical care. I will dismiss Svoke's complaint and give him a chance to submit an amended complaint that provides more detailed allegations about his medical care claim.

FACTUAL ALLEGATIONS

I draw the following allegations from Svoke's complaint. Dkt. 1. On August 17, 2020, Svoke received mail from the office of the Wisconsin governor. The mail contained grievance forms related to Svoke's medical care at DCI. Defendant W. Opperman, a sergeant, opened the mail in DCI's mailroom and took the contents. Svoke filed a formal complaint about the interference with his mail. The institutional complaint examiner affirmed the complaint after determining that Svoke's mail had been opened and read. Svoke says that the mail that Opperman confiscated contained "forms [that] were to report to a higher authority that could have prevented and helped with [Svoke's] neglected medical situation." Dkt. 1, at 4.

ANALYSIS

Svoke alleges that Opperman tampered with his legal mail and that Opperman's actions interfered with Svoke's medical care, so I will consider Svoke's allegations under access-to-the-courts principles and under the Eighth Amendment.

A. Access-to-the-courts claim

Generally, as part of a prisoner's right of access to the courts, prison staff may not open correspondence from a prisoner's lawyer out of the prisoner's presence. *Guajardo-Palma v. Martinson*, 622 F.3d 801, 804 (7th Cir. 2010). But opening mail violates this right only if the mail is a privileged communication between the prisoner and an attorney, *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005), and the opening of the mail impeded the

prisoner's ability to pursue a nonfrivolous action in court. *Guajardo-Palma*, 622 F.3d at 804. An isolated incident of prison staff opening legal mail is not likely to interfere with a prisoner's right of access to the court. *Id.*

Svoke alleges that Opperman opened a letter that he received from the Wisconsin governor with grievance forms related to his medical care. The letter was not a privileged communication between Svoke and his attorney, and Svoke does not allege that Opperman's review of the letter interfered with his ability to litigate a case or to access the courts. Svoke says that he has reason to believe that his mail was tampered with on other occasions, but he doesn't allege specific details about those instances. Svoke has not stated an access-to-the-courts claim.

**B. Eighth Amendment medical care claim**

Svoke alleges that Opperman confiscated legal mail that could have helped Svoke resolve a medical problem that DCI staff was not addressing. But Svoke's complaint does not comply with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.,* 20 F.3d 771, 775 (7th Cir. 1994).

I will give Svoke a chance to file an amended complaint that more clearly explains how Opperman's actions interfered with his medical care. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. As Svoke drafts his amended complaint, he should be aware that to state an Eighth Amendment medical care

claim, a prisoner must allege that the defendant was aware of a serious medical need and consciously failed to take reasonable measures to help him. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Svoke should explain his medical condition, whether Opperman knew about Svoke's condition, and how Opperman's mail tampering prevented Svoke from getting medical help sooner.

If Svoke fails to respond to this order by the deadline below, I will dismiss the case for his failure to state a claim upon which relief may be granted and I will assess him a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Jack Albert Svoke's complaint, Dkt. 1, is DISMISSED.
2. Plaintiff may have until August 5, 2021, to submit an amended complaint.

Entered July 15, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge